UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

"JANE ENDANGERED" A PSEUDONYM, and
"JANE IMPERILED" A PSEUDONYM                                             PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:06CV-250-S

LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT
DEPARTMENT OF INSPECTIONS, PERMITS & LICENSING, et al.          DEFENDANTS

### MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiffs, "Jane Endangered" and "Jane Imperiled" for leave of court to continue in this matter under these pseudynonymous names. The motion for leave to proceed under pseudonyms was filed contemporaneously with the filing of the complaint.[1]

Leave to proceed under pseudonyms is discretionary with the court. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). In considering whether to grant such leave we start from the premise that proceeding pseudononymously is the exception rather than the rule. Fed.R.Civ.P. 10(a) requires that the complaint state the names of all parties. In order to circumvent this requirement, it must be shown that the need for anonymity substantially outweighs the presumption that parties' identities are public information and the risk of unfairness to the opposing parties. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000); *Doe v. Porter*, 370 F.3d at 560. In balancing these considerations, the court may consider (1) whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the litigation compels plaintiffs

---

[1] The defendants urge that the plaintiffs were required to seek leave of court prior to the filing of the complaint under pseudynonymous names. They cite authority for the proposition that an action is not commenced by a complaint which fails to identify the parties in accordance with Fed.R.Civ.P. 10(a). However, no defendant has sought dismissal of this case.

- 2 -

to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children. *Doe v. Porter*, 370 F.3d at 560; *Citizens for a Strong Ohio v. Marsh*, 123 Fed.Appx. 630 (6th Cir. 2005).

The plaintiffs in this action are said to be two wheelchair-bound adult individuals who live in the vicinity of the 9000 block of Taylorsville Road in Louisville. They seek injunctive relief requiring restoration of "a material portion of the prexisting sidewalk along the northern side of Taylorsville Road [in the 9000 block] between their homes and Jeffersontown Commons Shopping Center." Complaint, ¶¶ 18-20. The plaintiffs contend that the governmental entity defendants[2] permitted and the private entity defendants[3] executed a renovation of the Jeffersontown Commons Shopping Center which included the "obliteration" (Complaint, ¶ 20) of a portion of public sidewalk that the plaintiffs utilized to safely access the shopping center. The plaintiffs contend that the inaccessiblity of the sidewalk requires that they navigate a route which places them at great risk of injury from motor vehicle traffic. They allege violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (First Cause of Action), the Americans with Disabilities Act, 42 U.S.C. § 12131, *et seq.* ( Second and Third Causes of Action), the Kentucky Civil Rights Act, KRS Chapter 344 (Fourth Cause of Action), and the Due Process Clause of the United States Constitution (Fifth Cause of Action).

The plaintiffs seek to proceed in this action under pseudonyms because they fear retaliation by the defendants for invoking their rights under anti-discrimination laws. They allege in affidavits filed in support of their motion[4], that they fear that they will be denied financial assistance and

---

[2] Louisville/Jefferson County Metro Government Department of Inspections, Permits & Licensing, Commonwealth of Kentucky Transportation Cabinet, and the City of Jeffersontown, Kentucky Public Works Department.

[3] Jeffersontown Commons Shopping Center, New Plan Property Holding Co., Inc., and Hagan Properties.

[4] The plaintiffs have been permitted to file unredacted affidavits under seal. (DN 58). To date, no such affidavits have been filed by the plaintiffs. Redacted versions of the affidavits were filed in the open record with the motion. The content of these
(continued...)

public housing, and that they will be illegally surveilled, searched, threatened, and physically injured by police officers or private sector security guards. This laundry list of potential retaliatory conduct is wholly unsupported by any evidence in the record.

The facts of this case stands in sharp contrast to those in *Doe v. Porter, supra*, relied upon by the plaintiffs, and *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) cited by the 6th Circuit in *Doe v. Porter.* Both *Stegall* and *Porter* involved lawsuits brought on behalf of young children, whose vulnerability is of special concern. Both cases also involved challenges to public school policies allegedly promoting religious observance or practice in schools. The Sixth Circuit has held that "religion is perhaps the quintessentially private matter..." *Doe v. Porter*, 370 F.3d at 560, *quoting, Stegall, supra.* This action is not prosecuted on behalf of children nor does it involve the revelation of matters of the utmost intimacy. The plaintiffs' disabilities are described in the complaint, and if accurate would be readily apparent to the casual observer as these plaintiffs are said to require the use of a wheelchair or scooter for mobility. There is thus no intimate information relevant to the claims of inaccessibility of the Taylorsville Road sidewalk.

There is one final distinction between this case and the *Stegall* and *Porter* cases. There was actual evidence of threatening and intimidating behavior was offered in *Stegall* and *Porter*. Here, we have been offered an unsubstantiated articulation of subjective fears. In *Porter*, the court quoted an angry and confrontational letter to the editor from the local paper directed at the anonymous plaintiffs, noting that the plaintiffs, by filing suit, had "made revelations about their personal beliefs and practices that are shown to have invited an opprobrium analogous to the infamy associated with criminal behavior." *Porter*, *id., quoting, Stegall*, 370 F.3d at 186. In *Stegall*, the court also cited local newspaper articles evidencing hostile reaction to the lawsuit, including such inflammatory phrases as "Satan is here, working his evil on these people filing this suit." 370 F.3d at 182, n. 6.

---

[4](...continued)
redacted documents has been made public by the plaintiffs.

In *Does I thru XXIII, supra.,* the court noted that in assessing the need for anonymity to shield a party from retaliation, the court should evaluate the severity of the threatened harm, the reasonableness of the anonymous party's fears, and the anonymous party's vulnerability to such retaliation. *Does I thru XXIII*, 214 F.3d at 1068. In that case, a group of foreign garment workers sought to challenge the labor practices of various Saipan garment manufacturers. They sought to proceed under pseudonyms because of particularly identified risks that Chinese workers faced if their identities were disclosed. As in *Porter* and *Stegall*, evidence was offered in *Does I thru XXIII* of particular instances of retaliation against complaining workers which gave immediacy and credibility to the fear of reprisals. In the case at bar, the court is offered an unsubstantiated list of possible retaliatory acts. While the plaintiffs may possibly have a subjective fear of angering the defendants, the court must consider the reasonableness of such fears and the severity of any threatened harm. We note that there is *no* threatened harm here. The perceived possible reprisals run the gamut of illegal conduct from eviction to physical assault. The court does not find these fears to be reasonably grounded, and thus there is no basis upon which to grant leave to proceed under pseudonyms in this case.

For the reasons set forth hereinabove and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

1. The motion of the plaintiffs, "Jane Endangered" a pseudonym, and "Jane Imperiled" a pseudonym, for leave to proceed under pseudonyms (DN 4) is **DENIED.**

2. The motion of the plaintiffs, "Jane Endangered" a pseudonym, and "Jane Imperiled" a pseudonym, for leave to amend the complaint to include the true names of the plaintiffs (DN 49) is **GRANTED**. The plaintiffs shall **FILE** their amended complaint **within fourteen (14) days from the date of entry of this order.**

**IT IS SO ORDERED.**