UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KAREN GASSMAN, et al.                                                    PLAINTIFFS

v.                                                    CIVIL ACTION NO. 3:06CV-250-S

LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT
DEPARTMENT OF INSPECTIONS, PERMITS, AND LICENSES            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Louisville/Jefferson County Metro Government Department of Inspections, Permits, and Licenses ("Metro"), to dismiss the Amended Complaint as to it.  (DN 66).

In this action, the plaintiffs, individuals with disabilities requiring the use of wheelchairs for mobility, claim violation of the Rehabilitation Act, the Americans with Disabilities Act, and various other state and federal constitutional violations for the defendants' alleged failure to restore sidewalks in Jeffersontown, Kentucky, to their prior, wheelchair-accessible state.  The sidewalks were apparently demolished in connection with the renovation of the Jeffersontown Commons Shopping Center.  Metro is named as a public entity defendant who permitted and licensed the private entity defendants' design which allowed for the removal of the accessible sidewalk.

Metro has moved for dismissal of the Amended Complaint as to it on the ground that it did not issue or approve a demolition permit for the Jeffersontown Commons renovation project in 2004. As a city of the second class, the City of Jeffersontown has its own city council and departments, including the Jeffersontown Public Works Department which issues building permits.  Metro has come forward with evidence that it has no statutory responsibility for the matter in issue.  *See,* Motion to Dismiss, pp. 3-4, Ex. 1; Reply, pp. 3-4, Ex. A.

The plaintiffs oppose the motion, urging that they have insufficient information upon which to base a response.  They seek to forestall a ruling under Fed.R.Civ.P. 56(e).  However, counsel's affidavit fails to specify what it hopes to glean through discovery concerning the issuance of building permits by Metro.  He states only that interrogatories have been propounded and responses have not been given.  "'Beyond the procedural requirement of filing an affidavit, Rule 56(f) has been interpreted as requiring that a party making such a filing indicate to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously discovered the information.'  *Cacevic v. City of Hazel Park*, 226 F.3d 483, 488 (6th Cir. 2000)."  *Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004); *Bassett v. National Collegiate Athletic Association*, 429 F.Supp.2d 675 (E.D.Ky. 2006).  Therefore, the motion for enlargement of time for discovery (DN 75) must be denied, and the Rule 56(f) affidavit deemed insufficient to delay ruling on the merits of the motion.

When a motion to dismiss is made, the court must take the allegations of the complaint as true and grant dismissal only when it is beyond doubt that the plaintiffs can prove no set of facts entitling them to relief.  *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957).

As evidenced by Exhibit A to Metro's Reply brief, the City of Jeffersontown writes all of its own building permits.  The plaintiffs do not dispute that the City of Jeffersontown has its own Department of Building Inspection and that it is governed by the requirements of the Kentucky State Building Code.  In sur-reply, the plaintiffs provide a copy of a list obtained on the IPL Customer Information System of permits for projects in the vicinity of 9501-9569 Taylorsville Road, Louisville, which the plaintiffs contend is the "address of the demolished sidewalk" in question.  The plaintiffs urge that the this list of permits raises a genuine issue of material fact concerning whether Metro has issued building permits for the Jeffersontown Commons project.

It is readily apparent that none of the permits listed on plaintiffs' exhibit has anything to do with the issuance of building permits for the project in question.  Indeed, sixteen are plumbing

permits, one is an electrical permit, one is a sign permit, and one is an HVAC permit.  Only one permit was a building permit.  Reference to that permit reveals that it was issued to a homeowner for a residential garage on his property.

Plaintiffs have suggested that they "could possibly prove that Defendant Louisville/Jefferson County Metro Government Department of Inspections Permits and Licensing has an active, if not controlling, role issuing whatever permit authorized the demolition which is the center of this case." Response, p. 3.  There is a complete lack of evidence to call into question the evidence put forth by Metro to the contrary.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiffs, Karen Gassman, et al., for additional time to conduct discovery (DN 75) is **DENIED**, the motion of the defendant, Louisville/Jefferson County Metro Government Department of Inspections, permits, and Licenses, to dismiss (DN 66) is **GRANTED** and the Amended Complaint is **DISMISSED AS TO IT.**

**IT IS SO ORDERED.**