UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KAREN GASSMAN, et al.                                                                                          PLAINTIFFS

v.                                                                                    CIVIL ACTION NO. 3:06-CV-250-S

LOUISVILLE/JEFFERSON COUNTY METRO GOVERNMENT
DEPARTMENT OF INSPECTIONS, PERMITS, AND LICENSES, et al.              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the plaintiffs (DN 89), Karen Gassman, et al., to alter the court's July 13, 2007 Order (DN 85) granting the motion of the defendant, Louisville/Jefferson County Metro Government Department of Inspections, Permits, and Licenses ("Metro"), to dismiss the Amended Complaint as to it (DN 66), and denying the plaintiffs' motion for additional time to conduct discovery (DN 75).[1]

The plaintiffs take issue with the court's consideration of Exhibit A to Metro's Reply brief (DN 78). By adjudicating the motion in light of matters outside of the pleadings they contend that the motion to dismiss was converted into a motion for summary judgment, and that the court ruled on the motion before they were afforded an adequate opportunity to conduct discovery. They also contend that Exhibit A is inadmissible evidence, in that it has not been properly authenticated.

---

[1] The parties gave notice of their agreement to consent to proceed before the magistrate judge. The court has been informed that Metro has now chosen not to join in the consent. Therefore, we will proceed to decide this pending motion.

Exhibit A consists of a document from Metro's website which indicates that the City of Jeffersontown writes all of its own building permits. The court finds it interesting that the plaintiffs so vigorously challenge the court's consideration of this document insomuch as the plaintiffs, in their Response brief (DN 74), relied upon documents from the very same webpage. In *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002), the Sixth Circuit stated that:

> [A]s a general rule, matters outside the pleadings may not be considered in ruling on a 12(b)(6) motion to dismiss unless the motion is converted to one for summary judgment under Fed.R.Civ.P. 56. There are, however, exceptions to this general rule... Courts may...consider public records, matters of which a court may take judicial notice, and letter decisions of governmental agencies.

*Jackson*, 194 F.3d at 745 (citations omitted). While Exhibit A may properly fall within this exception, the court does not wish to unfairly foreclose the plaintiffs opportunity to establish that Metro played a role in granting permits for the demolition and renovation of the Jeffersontown Commons Shopping Center.

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the plaintiffs, Karen Gassman, et al., to alter the court's judgment (DN 89) is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion of the defendant, Louisville/Jefferson County Metro Government Department of Inspections, Permits, and Licenses, to dismiss (DN 66) is **STAYED** for 30 calendar days after entry of this Order, at which time the court will adjudicate said motion as a motion for summary judgment. The motion of the plaintiffs, Karen Gassman, et al., for additional time to conduct discovery (DN 75) is **GRANTED** and plaintiffs shall have 30 calendar days after entry of this Order to secure discovery limited to the issue of Metro's alleged involvement

in the permitting process for the Jeffersontown Commons Shopping Center project at issue in this litigation.

**IT IS SO ORDERED.**